

**FILED**

4/2/2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED

JAN 2 7 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PRO SE PLAINTIFF
LEE MOMIENT
P.O. BOX 608082
CHICAGO, IL 60660
773-712-3989

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

---

| | |
|---|---|
| **LEE MOMIENT**<br>     **Plaintiff**<br><br>-v-<br><br>**THE CBE GROUP, INC.**<br>**Defendant** | C 1:12-cv-00615<br><br>J Judge Ruben Castillo<br>**Magistrate Judge Morton Denlow**<br><br>N.<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT

Plaintiff, LEE MOMIENT, individually, hereby sues Defendant, THE CBE GROUP,

INC. pursuant to Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47

USC § 227(a) (iii) and Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq, and the Fair

Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq, and in support of his complaint

he states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for

violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii), The Fair Debt Collections Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendant THE CBE GROUP, INC. have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U. S.C. §1692k(d); and Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq; and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq; and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $15,000.00.

## PARTIES

7. Plaintiff, LEE MOMIENT, is a natural person and is a resident of the State of ILLINOIS, COOK COUNTY.

8. Upon information and belief Defendant, THE CBE GROUP, INC ("CBE") is a foreign corporation.

## FACTUAL ALLEGATIONS

10. From on or about September 2, 2011 thru September 29, 2011, CBE violated the TCPA by leaving 10 recorded messages using automatic telephone dialing system or artificial or pre-recorded voices on Plaintiffs cell phone.

11. From on or about September 2, 2011 thru September 29, 2011 CBE violated the TCPA by calling Plaintiff's cell phone 13 times with no prior permission given by Plaintiff.

13. From on or about September 2, 2011 thru September 29, 2011 CBE violated the TCPA by leaving recorded messages on Plaintiffs cell phone without express permission.

14. On or about August 2011 CBE violated the FCRA by impermissibly pulling Plaintiffs credit bureau report.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227

14. Plaintiff alleges and incorporates the information in paragraphs 1 through 14.

15. Defendant CBE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

16. Defendant CBE has committed 13 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

17. Defendant CBE has demonstrated willful or knowing non-compliance with 47 U.S. C. §227(b)(1)(A) The last 13 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with CBE twice after sending and CBE receiving the DEMAND AND DISPUTE Letter and CBE assured Plaintiff that the calls would stop. Since then CBE refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

18. Defendant CBE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given CBE permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and CBE do not have an established business relationship within the meaning of 47 U.S.C. §227.

19. Defendant CBE has demonstrated willful or knowing non-compliance with 47 U.S. C. §227(b)(1)(A) by continuing to call Plaintiff 13 times after receiving the DEMAND AND DISPUTE letter and after hearing the recordings with total disregard and in violation of 47 U.S. C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against CBE, for actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT II

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT CBE

20. Plaintiff alleges and incorporates the information in paragraphs 1 through 19.

21. CBE placed no less than 13 telephone calls to the Plaintiff's cellular telephone after receipt of Plaintiff's DEMAND AND DISPUTE letter to cease and desist. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692c(a)(1). Defendant demands $1000.

22. CBE placed no less than 13 telephone calls to the Plaintiff's cellular telephone after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. § 1692c(c), if such notice from the consumer is made by mail or fax, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. §1692c. Defendant demands $1000.

23. Defendant CBE continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Defendant demands $2000.

24. Defendants CBE violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against CBE, for actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT III

**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**

**WILLFUL NON-COMPLIANCE BY DEFENDANT DEBT COLLECTOR, L.L.C.**

3. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

4. CBE is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s2.

5. CBE willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) CBE willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

**WHEREFORE,** Plaintiff demands judgment for damages in the amount of $1,000 against CBE for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 27 of JANUARY, 2012

LEE MOMIENT

P.O. BOX 608082
CHICAGO, IL 60660
773-712-3989